Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PADILLA,<br><br>    Plaintiff.<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>    Defendant. | Case No.: '16CV2092 AJB  WVG<br><br>COMPLAINT FOR DAMAGES<br>1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;<br>2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.;<br>3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

GEORGE PADILLA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONVERGENT OUTSOURCING INC. ("Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

6. Plaintiff is a natural person residing in San Diego, California 92154.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 800 SW 39th Street, Renton, WA 98057.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. The debt at issue arose from consumer transactions in connection with an alleged personal auto loan debt.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt could only have arisen from financial obligation for primarily personal, family or household purposes.

14. Beginning in or around July 2015 Defendant called Plaintiff on his

cellular telephone seeking and demanding payment on the alleged debt.

15. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (619) 610-1627. The undersigned has confirmed that this number belongs to Defendant.

16. Plaintiff told Defendant when the calls commenced to stop calling his cell phone, and that he disputed the debt.

17. Despite Plaintiff's requests, Defendant's calls have persisted.

18. Defendant has continued to place calls at times that were not convenient, including during work hours, and before 8:00am.

19. Once Defendant was aware that Plaintiff disputed the debt, and that he did not wish to be called, there was no reason for any additional calls, other than for the purposes of harassment

20. Defendant's representatives have threatened to garnish Plaintiff's wages, and report this disputed debt to the credit reporting agencies.

21. However, neither legal action of any kind has been taken by Defendant against the Plaintiff, nor has there been any reporting by Defendant to the credit bureaus.

22. Upon information and belief, it is averred that Defendant never intended to garnish his wages or report the debt to the credit reporting agencies, but the threats were made in an attempt to coerce payment from Plaintiff.

23. Defendant's threats caused Plaintiff to experience fear and anxiety.

24. By continuously calling over a debt he did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which had the natural consequences of harassing the recipient.

25. Finally, Defendant failed after initial communication, to send Plaintiff within five (5) days a notice of his rights, including the right to dispute the debt, right to seek validation and/or the right to know the amount claimed from his as well as other details about the debt.

26. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

27. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it communicates with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the

consumer's location.

28. Defendant violated § 1692c(a)(1) by calling Plaintiff before 8:00am and during his work hours.

## COUNT II
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

29. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. Defendant violated § 1692d of the FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that the debt was disputed; and when it continued to call Plaintiff after it was aware that Plaintiff did not wish to be contacted.

## COUNT III
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

31. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone causing it to ring continuously with the intent to annoy, abuse, or harass Plaintiff.

# COUNT IV
# DEFENDANT VIOLATED §§ 1692e AND 1692e(4) OF THE FDCPA

33. A debt collector violates section 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. A debt collector violates section 1692e(4) of the FDCPA by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

35. A debt collector violates section 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

36. A debt collector violates section 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. A debt collector violates sections 1692e, 1692e(4), 1692e(5) and 1692e(10) of the FDCPA when it falsely threatened to garnish his wages and to report the debt to the credit bureaus without the intent to take such action.

## COUNT V
## **DEFENDANT VIOLATED §§ 1692g OF THE FDCPA**

38. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

# COUNT VI
# DEFENDANT VIOLATED THE RFDCPA

40. A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

41. Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, GEORGE PADILLA, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

   e. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GEORGE PADILLA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 8-18-16

KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff